IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PETER N. LEWIS, #23305**                                                                 **PLAINTIFF**

**v.**                                                          **CAUSE NO. 1:17-cv-313-LG-RHW**

**DONALD J. RAFFERTY**                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PLAINTIFF'S COMPLAINT**

This matter is before the Court sua sponte for consideration of dismissal of this cause. Plaintiff, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, files this Complaint pursuant to 42 U.S.C. § 1983. Compl. [1] at 1-2 (CM/ECF pagination). The only named defendant is Donald J. Rafferty, an attorney, in Gulfport, Mississippi, who represented Plaintiff in a criminal matter. *See id*. at 2 (CM/ECF pagination). Plaintiff seeks as relief "reimbu[r]sement" of $10,000.00 as well as declaratory and injunctive relief. Compl. [1] at 1, 4 (CM/ECF pagination).

I.   Facts

Sometime in January 2016, Plaintiff and his wife, Jenniffer Sue Cagle Lewis, hired Defendant Rafferty to represent them in a criminal case. Compl. [1] at 3 (CM/ECF pagination). According to Plaintiff, Defendant Rafferty "made fraudulent promises to Plaintiff Lewis and his wife Jenniffer[] that he could assure them house arrest, which was on the table, for the charges pending against them." *Id*. On or about July 6, 2017, Plaintiff entered a guilty plea to the charges of possession with

intent and felony DUI, and "was sentenced to a term of twenty (20) years [] on the possession with intent charge, and a term of five (5) years for the felony DUI charge, to be served concurrently to the twenty (20) year term of imprisonment for the charge of possession with intent." *Id.* Plaintiff complains that Defendant Rafferty "stood silent by [Plaintiff] and his wife Jenniffer . . and looked on [] as the Court ambus[h]ed" them. *Id.* at 4 (CM/ECF pagination). Plaintiff complains that Defendant Rafferty "renege[d] and gave Plaintiff Lewis and his wife Jenniffer false hope of fraudulent promises that was an impossibility to carry out." *Id.*

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. *See* Order [17]. As discussed below, Plaintiff's § 1983 action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A. Section 1983 Claim

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the

2

United States and that the person depriving Plaintiff of this right acted "under color of any statute" of the State. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

It is clear that Defendant Rafferty was not a state actor under these allegations.[1] The mere fact that defendant Rafferty is an attorney who represented Plaintiff in a criminal matter does not establish that he was a state actor. *Polk County v. Dodson*, 454 U.S. 312, 319 n.9, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (deciding that private attorneys and appointed attorneys do not qualify as state actors and generally are not subject to a § 1983 civil action) (citations omitted). Plaintiff therefore has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (finding district court properly determined inmate's claim against private individual failed to state a claim under § 1983).

Furthermore, the constitutional rights of a person are personal in nature and, therefore, Plaintiff cannot maintain this Complaint on behalf of another person. *See Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986). To the extent that

---

[1] If a private attorney has conspired with a state actor to deprive a person of his constitutional rights, then the private attorney may be held liable pursuant to 42 U.S.C. § 1983. *See Addicks v. Kress & Co.*, 398 U.S. 144, 152 (1970). Even though this Court is required to liberally construe *pro se* pleadings, the instant Complaint does not contain any such allegations to establish that the defendant was a state actor. *See McFadden v. Lucas*, 713 F.2d 143, 147 n. 4 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) (holding that the district court cannot construe unpled facts.)).

3

Plaintiff is asserting claims on behalf of his wife, Jenniffer Sue Cagle Lewis, the Court finds that Plaintiff's does not have standing to assert such claims in this § 1983 civil action.

    B. State law claim

As for any state-law claims Plaintiff may be asserting, because the Court is dismissing Plaintiff's federal claims filed pursuant to 42 U.S.C. § 1983, the Court declines supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that the district court has discretion to decline exercising supplemental jurisdiction over any state law claim when it has "dismissed all claims over which it has original jurisdiction").

III.    Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Peter N. Lewis' § 1983 civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, FURTHER ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**IT IS, FURTHER ORDERED AND ADJUDGED** that Plaintiff Peter N. Lewis' state law claims are **DISMISSED WITHOUT PREJUDICE** so that he may pursue them in state court.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE